**VON BRUNING v. SUTHERLAND, Alien Property Custodian, et al.**

Court of Appeals of District of Columbia.

Submitted October 2, 1928. Decided November 5, 1928.

No. 4646.

Tench T. Marye, of Washington, D. C., for appellant.

Peyton Gordon, Dean Hill Stanley, and Thos. E. Rhodes, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a final decree of the lower court, entered upon motion of the appellees, dismissing a bill of complaint filed by appellant, as plaintiff, seeking a recovery against the Alien Property Custodian and the Treasurer of the United States under the provisions of section 9 of the Trading with the Enemy Act (chapter 106, 40 Stat. 411), as amended June 5, 1920 (chapter 241, 41 Stat. 977).

It appears from the allegations of the plaintiff's bill of complaint that plaintiff was a natural-born citizen of the United States, who prior to April 6, 1917, intermarried with one Adolph von Bruning, a German subject, and thereby acquired and has since retained German citizenship. In the year 1917, and at all times subsequent thereto, plaintiff was the owner of a life estate in a certain house and lot at 1758 N Street N. W., Washington, D. C., and in July, 1918, the Alien Property Custodian, having determined that plaintiff was an alien enemy under the Trading with the Enemy Act, seized the premises, and retained the custody thereof for a period of 28 months; whereupon, in November, 1920, the Custodian returned the property to plaintiff under the amendment to the Trading with the Enemy Act, approved June 5, 1920 (chapter 241, 41 Stat. 977), and again amended (chapter 285, 42 Stat. 1511).

It is charged by plaintiff that, during the

occupation of the premises by the Custodian, the house, after having been altered for such purposes, was used for departmental offices, or as a bureau by the Custodian, and that thereby the property was damaged to the extent approximately of $6,000, and was unrepaired when it was returned to plaintiff; also that the rental value of the property during this period was not less than $500 per month, whereas the Custodian fixed the same at $100 per month, and upon the return of the property paid plaintiff $900, and no more, although the property was occupied by the Custodian for the period of 28 months; and that no part of the damages aforesaid, nor of the balance due upon rent, has since been paid by the Custodian. The plaintiff prayed that the court should ascertain and fix the amount due her for the use of the buildings by the Custodian, and fix the damages sustained by the property as aforesaid, and enter a decree against the Custodian and the Treasurer of the United States therefor.

The bill of complaint was met by a motion of defendants praying that it be dismissed on the ground that it sought to recover upon an obligation alleged to be owing to the plaintiff by the United States, and that the United States had not consented that it or any of its officers might be sued in such case, and also that plaintiff had not stated facts sufficient to entitle her to equitable relief by decree of the lower court under the Trading with the Enemy Act, as amended or otherwise. The lower court sustained this motion, and dismissed the bill.

We think this ruling correct. Section 9 (a) of the Trading with the Enemy Act as amended, provides, among other things, that any person, not an enemy or ally of enemy, claiming any interest, right, or title in any property which may have been seized by the Alien Property Custodian and held by him under the act, may institute a suit in equity in the Supreme Court of the District of Columbia, to establish the interest, right, or title so claimed, and, if so established, the court shall order the conveyance or transfer to the claimant of the property so held by the Custodian, or the interest therein to which the court shall determine the claimant to be entitled. This is the only suit authorized by section 9 of the act, and the sole remedy afforded by it is the return of the seized property in proper case to the claimant.

In the present suit, however, the plaintiff does not seek the return of the property to her, for concededly that has already been accomplished. The relief sought by her is a judgment for debt and damages for the use of her property and injury to it while it was in the custody of the Custodian. This is an essentially different cause of action, and is not authorized by the act.

Such a suit is in effect a suit against the United States, and cannot be sustained without permission first given by the United States. In Banco Mexicano v. Deutsche Bank et al., 53 App. D. C. 266, 289 F. 924, 929, which was a suit against the Custodian for the recovery of money seized by him, this court said:

"This is in effect a suit against the United States. The rule is well established that, when the United States permits itself to be sued in its own courts, the terms of the permission must be strictly followed, and the suitor's cause must come within the Government's consent."

This statement of the law was affirmed on appeal by the Supreme Court, in Banco Mexicano v. Deutsche Bank, 263 U. S. 591, 602, 44 S. Ct. 209, 212 (68 L. Ed. 465), where the court said:

"We are constrained to this because we agree with the Court of Appeals that this suit is in effect a suit against the United States and all of its conditions must obtain."

These provisions are not unconstitutional. In United States v. Chemical Foundation, 272 U. S. 1, 11, 47 S. Ct. 1, 5 (71 L. Ed. 131), the Supreme Court said:

"Congress was untrammeled and free to authorize the seizure, use or appropriation of such properties without any compensation to the owners. There is no constitutional prohibition against confiscation of enemy properties."

In our opinion the bill of complaint filed by plaintiff is plainly unmaintainable, for it is in effect a suit against the United States in a court and cause which the United States has not authorized.

The decree of the lower court is affirmed, with costs.